MICHIGAN SAVINGS & LOAN LEAGUE v. MUNICIPAL FINANCE COMMISSION.

1. SCHOOLS AND SCHOOL DISTRICTS—INVESTMENT OF DEBT RETIREMENT FUNDS—MUNICIPAL FINANCE COMMISSION—STATUTES.

The municipal finance commission of the State is invested with statutory powers with respect to obligations subject to its jurisdiction, including the investment of moneys held by school districts for the payment of debts (CL 1948, § 131.1 et seq., as amended).

2. DECLARATORY JUDGMENT—BUILDING AND LOAN ASSOCIATIONS—INVESTMENT OF SCHOOL DISTRICT DEBT RETIREMENT FUNDS.

Building and loan associations and savings and loan associations have such an interest in the retention of funds invested in shares of stock in such associations from debt retirement funds of school districts and in their legal right in the future to accept such funds for investment in such shares as to entitle them to determination of such matters in suit for declaratory judgment on the merits, there being an actual controversy in existence (CL 1948, § 691.501).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4]  47 Am Jur, Schools § 12 et seq.
[2]  16 Am Jur, Declaratory Judgments § 55.
[3, 5, 6, 8, 13]  13 Am Jur, Corporations § 396.
[7]  13 Am Jur, Corporations § 3.
[10]  50 Am Jur, Statutes § 323.
[11]  9 Am Jur, Building and Loan Associations § 10 et seq.
[12]  9 Am Jur, Building and Loan Associations § 5.

3. CONSTITUTIONAL LAW—STATES—INVESTMENTS—STOCK OF CORPORATIONS—ASSOCIATIONS.

The prohibition of the Constitution against the State being interested in the stock of corporations also applies to associations (Const 1908, art 10, § 13).

4. SCHOOLS AND SCHOOL DISTRICTS—STATE AGENCIES.

School districts are State agencies.

5. CONSTITUTIONAL LAW—STATES—GOVERNMENTAL AGENCY.

A governmental agency or subdivision may not do that which the State is forbidden to do by the Constitution.

6. SCHOOLS AND SCHOOL DISTRICTS—CORPORATIONS—ASSOCIATIONS— CONSTITUTIONAL LAW.

School districts, being State agencies, are subject to the prohibition of the Constitution against being interested in the stock of corporations or associations (Const 1908, art 10, § 13).

7. BUILDING AND LOAN ASSOCIATIONS—CORPORATIONS.

State or Federal building and loan associations, authorized by statute, are corporate entities (Home Owners' Loan Act of 1933; CL 1948, § 489.1 *et seq.*, as amended by PA 1954, No 157).

8. SCHOOLS AND SCHOOL DISTRICTS—BUILDING AND LOAN ASSOCIATIONS—CONSTITUTIONAL LAW.

School districts may not invest their funds in shares of either State or Federal building and loan associations, since such associations are corporate entities in which the State and its agencies are prohibited by the Constitution from having an interest (Const 1908, art 10, § 13; Home Owners' Loan Act of 1933; CL 1948, § 489.1 *et seq.*, as amended by PA 1954, No 157).

9. CONSTITUTIONAL LAW—MODIFICATION OF THE CONSTITUTION—ECONOMIC CONDITIONS.

Present economic conditions may not be given the effect of modifying the fundamental law of the State.

10. COURTS—CONSTITUTIONAL LAW—PRECEDENTS.

Precedents from other States involving the constitutionality of statutes are of no value when the Constitutions of such other States do not contain comparable limitations to those contained in the Constitution of this State.

11. BUILDING AND LOAN ASSOCIATIONS—STOCK.

Investors in savings and loan associations are subscribers to, or purchasers of, stock therein.

12. SAME—BANKS AND BANKING—DEPOSITS.

A State savings and loan association may not engage in a banking business nor accept deposits in the sense that such are received by banks but may act only in accordance with the powers granted to it under valid legislative enactments (CL 1948; § 489.1 et seq., as amended by PA 1954, No 157).

13. CONSTITUTIONAL LAW—STATUTES—SCHOOLS AND SCHOOL DISTRICTS—INVESTMENT IN BUILDING AND LOAN ASSOCIATIONS.

Statute authorizing school districts to invest funds in the stock of State or Federal savings and loan associations is invalid as in contravention of the provision of the Constitution prohibiting the State from being interested in corporations or associations even though investors in such stock are protected by insurance (Const 1908, art 10, § 13; CL 1948, § 355.15, as amended by PA 1953, No 16; § 489.1 et seq., as amended by PA 1954, No 157; PA 1955. No 269, § 568).

14. COSTS — PUBLIC QUESTION — INVESTMENT OF SCHOOL DISTRICT FUNDS IN BUILDING AND LOAN ASSOCIATIONS.

No costs are allowed in suit to obtain a declaratory judgment as to the constitutionality of statute empowering school districts to invest funds in the shares of building and loan associations, a public question being involved (Const 1908, art 10, § 13; CL 1948, § 355.15, as amended by PA 1953, No 16; § 489.1 et seq., as amended by PA 1954, No 157; PA 1955, No 269, § 568).

Appeal from Ingham; Coash (Louis E.), J. Submitted October 10, 1956. (Docket No. 33, Calendar No. 46,938.) Decided December 6, 1956. Rehearing denied May 17, 1957.

Bill by Michigan Savings & Loan League, a voluntary association, and several savings and loan associations organized under State and Federal law, against Municipal Finance Commission of the State of Michigan, its members and officers, for declaratory judgment to determine whether school districts can legally invest funds in such financial organizations. Decree for defendants. Plaintiffs appeal. Affirmed.

*Charles F. Cummins,* for plaintiffs.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *G. Douglas Clapperton,* Assistant Attorney General, for defendants.

*Amicus Curiae:*

United States Savings & Loan League, by *Horace Russell* and *William Prather.*

Carr, J. This proceeding involves the right of school districts of the State to invest money from their debt retirement funds in State and Federal building and loan associations, or savings and loan associations. The Michigan Savings & Loan League, a voluntary association, several of its members, and associations organized under the Federal law filed their bill of complaint in the circuit court of Ingham county seeking a declaratory decree with reference to the matter in issue. No claim is made that plaintiff associations organized and chartered under an act of congress, the home owners' loan act of 1933, are subject, insofar as this case is concerned, to considerations not applicable to plaintiffs organized under State law. The defendants are the municipal finance commission of the State, its members and its secretary. It is conceded that said commission is invested with statutory powers with respect to obligations subject to its jurisdiction, including the investment of moneys held by school districts for the payment of debts.*

---

* See CL 1948, § 131.1 *et seq.,* as amended (Stat Ann 1949 Rev and Stat Ann 1955 Cum Supp § 5.3188[1] *et seq.*).—Reporter.

Under the provisions of CL 1948, § 355.15, last amended by PA 1953, No 16 (CLS 1954, § 355.15, Stat Ann, Stat Ann 1953 Rev and Stat Ann 1953 Cum Supp § 15.451) school districts were authorized, in terms, to "invest in the shares of a building and loan association or savings and loan association incorporated under the laws of this State or in the shares of a Federal savings and loan association situated in this State, organized and existing by virtue of section 5 of an act of congress known as the home owners' loan act of 1933, as amended: Provided, That the investment made of any one fund in any one savings and loan association shall not exceed the amount which is insured by the Federal savings and loan insurance corporation, or its successor, with school moneys belonging to either the debt retirement fund, the building and site fund, the building and site sinking fund or the general fund of the district." The school code of 1955, PA 1955, No 269, § 568,* likewise provides for such investment. Under the provisions of the prior statute, now superseded by the cited section of the present school code, a number of school districts of the State made investments of the character in question. Apparently the defendant commission entertained doubts as to the validity of the statute in view of article 10, § 13, of the State Constitution (1908), which provides:

"The State shall not subscribe to, nor be interested in the stock of any company, association or corporation."

An opinion was sought from the attorney general of the State and under date of December 28, 1954, the commission was advised that the statute was in conflict with the inhibition of the Constitution and therefore invalid. Thereupon the defendant

---

* CL 1948, § 340.568 (Stat Ann 1955 Cum Supp § 15.3568).—RE-PORTER.

commission notified districts that had made such investments from their debt retirement funds that, in view of the opinion, copy of which was furnished with the notice, such investments should be liquidated "in an orderly fashion as rapidly as possible without loss to the district." It is claimed that a number of the school districts concerned complied with the notice, exercising their right of withdrawal of the funds invested. Apparently, however, all districts have not taken such action and in consequence the plaintiff associations, or some of them, retain invested moneys of school districts failing to withdraw.

For the purpose of settling the legal question at issue the present suit was instituted. Following the filing of the bill of complaint defendants moved to dismiss, claiming that the averments of the pleading did not show that plaintiffs were entitled to bring the action, and that there was no actual controversy existing within the meaning of the declaratory judgment act.[*] The motion was denied, answer was filed on behalf of defendants, and the cause proceeded to hearing. The trial judge concluded after listening to the proofs and arguments of the parties that it was not within the power of the legislature, in view of the provisions of article 10, § 13, of the State Constitution (1908), to authorize school districts to make investments in building and loan associations. A decree was entered in accordance with the opinion filed, and plaintiffs have appealed.

On behalf of defendants it is contended here, as it was in circuit court, that plaintiffs were not entitled to institute a proceeding for a declaratory decree for the reason that no actual controversy is involved; plaintiffs not being interested parties within the meaning of the declaratory judgment act, above cited. It is the position of plaintiffs that their

---

* PA 1929, No 36 (CL 1948, § 691.501 et seq. [Stat Ann § 27.501 et seq.]).

interest in the determination of the legal question involved is such as to entitle them to seek relief in the form of a declaratory decree.

In the determination of the issue presented by the conflicting claims of the parties the provisions of section 1 of the act under which this suit was instituted are significant. Said section reads as follows:

"No action or proceeding in any court of record shall be open to objection on the ground that a merely declaratory judgment, decree or order is sought thereby, and the court may, in cases of actual controversy, make binding declarations of rights whether any consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of any statute, municipal ordinance or other governmental regulation, or any deed, will or other instrument in writing, and a declaration of the rights of the parties interested, but the foregoing enumeration does not exclude other cases of actual controversy." CL 1948, § 691.501 (Stat Ann § 27.-501).

The act further provides that it shall be deemed remedial, and liberally construed and administered "with a view of making the courts more serviceable to the people."

Involved in the case is the legal authority of the plaintiffs to retain the funds invested by school districts, subject to the right of such investors to exercise the privilege of withdrawal. At issue also is the question whether plaintiff associations may legally accept such funds if tendered. Plaintiffs are clearly interested in the determination of the matters raised by the pleadings in the cause, from the standpoint of the powers that they may exercise and involving obviously the existing status. The fact that school districts concerned may at their election

withdraw their funds does not alter the situation in this respect. This is not a case in which the moving party seeks to be advised by court decree with reference to a situation that may or may not arise at some future time. Defendant commission by its action in informing school districts that they may not invest debt retirement funds in shares, or share interests, in savings and loan associations raised a question in which plaintiffs, as well as such districts, are necessarily concerned.

In *Mayor of City of Dearborn* v. *Dearborn Retirement Board of Trustees,* 315 Mich 18, the plaintiff sought a declaratory decree for the purpose of determining the right of the city council to include in the annual budgets items for the employees' retirement system created by ordinance. Plaintiff, as mayor of the city, had vetoed said items and the council had in each instance adopted the budget notwithstanding the veto. Motion to dismiss on the ground that the declaratory judgment act was not applicable to the proceeding was granted in the trial court on the ground that no actual controversy existed to which the plaintiff was a proper party. After discussing the situation presented, this Court concluded that an actual controversy did exist and that plaintiff was entitled to seek a judicial determination.

In *National Bank of Detroit* v. *Department of Revenue,* 334 Mich 132, the plaintiff filed a petition under the declaratory judgment act for the purpose of determining its liability for the payment of sales taxes, on purchases made by it, under the State statute. On motion certain parts of the bill were stricken by the trial court, apparently on the theory that the legal incidence of the sales tax falls on the retailer rather than on the consumer. On appeal this Court recognized the situation, but held, because of the economic burdens devolving on plaintiff, that the

latter was an interested party to the controversy and as such entitled to maintain the action. We think that like considerations must prevail in the case at bar, and that the trial court was right in holding that plaintiffs were entitled to submit the cause for determination on the merits.

Plaintiffs have asked that this Court decree that the action of the legislature, now evidenced by PA 1955, No 269, § 568, subd (c),* does not violate article 10, § 13, of the State Constitution (1908). It is argued, in substance, that investments in savings and loan associations of the character involved in this case should not be regarded as stock purchases, that the investor is actually depositing funds for safekeeping, that the transaction is analogous to a deposit in the savings department of a bank, that the association is the custodian of funds that may be withdrawn at the option of the investor, and that the action of the legislature in attempting to authorize school districts to "invest in the shares of a building and loan association" is not in contravention of the fundamental law. Counsel refers to such investments as "insured accounts." It is insisted further that a savings and loan association should not be regarded as a corporation within the meaning of the term as used in the section of the Constitution here involved. It may be noted in this connection, however, that the prescribed inhibition has reference to stock of companies and associations as well as of corporations.

There can be no question but that the limitation of authority is applicable to school districts, which are State agencies. What the State itself is forbidden to do, a governmental agency or subdivision may not do. This principle was recognized in *Attorney General, ex rel. Brotherton,* v. *Detroit Com-*

* CL 1948, § 340.568 (Stat Ann 1955 Cum Supp § 15.3568).—Reporter.

*mon Council,* 148 Mich 71, which involved article 14, § 9, of the Constitution of 1850, relating to works of internal improvement.* It was there considered that said section applied to municipalities as well as to the State at large. It does not appear that the proposition is challenged in the instant case. School districts are subject to the prohibition expressed in article 10, § 13, of the Constitution (1908).

The formation and regulation of building and loan associations in this State are governed by statute, PA 1887, No 50, as amended.† The title of the act as it stood for many years indicated that its purpose was "to provide for the incorporation and regulation of certain corporations generally known as building and loan associations." Said title was amended by PA 1954, No 157, to read as follows:

"An act to provide for the incorporation and regulation of certain corporations generally known as building and loan associations and savings and loan associations; prescribing the fees, taxes and charges to be paid to the State by such associations; prescribing the method and basis of computing such fees, taxes and charges; requiring certain annual reports to be filed by such associations; providing for the disposition of the moneys received under this act; and prescribing penalties for noncompliance with and violation of the provisions thereof."

In keeping with the title, provisions in the statute are expressed in such form as to clearly indicate that the legislature considered that it was dealing with organizations that properly may be considered corporations. The articles of association are required to set forth the amount of authorized capital, the number of shares and the classes thereof, as well as the names of incorporators and the number of

---

* See Art 10, § 14, Constitution of 1908.
† CL 1948, § 489.1 *et seq.,* as amended (Stat Ann 1943 Rev and Stat Ann 1955 Cum Supp § 23.541 *et seq.*).

shares subscribed for by each.  The articles must also specify the term of "corporate existence" which may not exceed 30 years.  Those organizing the associations are referred to as "incorporators."  Section 3 further indicates that the "corporate powers" shall be exercised by a board of directors.  The statute makes provision for the issuance of classes of shares of stock and grants to any shareholder the privilege of withdrawing unpledged shares whether fully paid, matured, or part paid.  Any shareholder filing written application for withdrawal remains a shareholder until he is paid, and does not become a creditor. Reference is made to the payment of dividends on stock.  Like other statutes providing for the formation of corporations, provision is made for the continuance of "corporate existence" after the expiration of the term as fixed by the articles of the association, or as extended.  Other provisions are of like tenor, and it clearly appears from a reading of the entire act that the legislature considered that it was dealing with corporate beings and granting thereto powers consistent with the basic purpose of organization.  Plaintiff associations organized under the home owners' loan act of 1933 are of like character.

It may also be noted that the legislature in the enactment of the statute directly involved in this case referred to investments by school districts in "the shares of a building and loan association or savings and loan association incorporated under the laws of this State."  Thus the legislative enactment that plaintiffs are asking the Court to sustain designates the investment as a purchase of shares in an incorporated organization.  The conclusion may not be avoided that what the legislature has undertaken to say may be done falls squarely within the inhibition of the Constitution.  Such being the situation there is but one course open to the Court.  We may

not ignore the clear mandate of the Constitution. Present economic conditions, stressed by counsel for the plaintiffs in his brief, may not be given the effect of modifying the fundamental law of the State. It is not material in the determination of the question before us that in other States having Constitutions that do not contain the limitation imposed by the Michigan Constitution on the State, its municipalities and governmental agencies, with reference to the purchase of stock in any company, association or corporation, statutes have been enacted allowing such investments by municipalities. It is likewise immaterial that, as counsel has pointed out, other States having such fundamental restrictions have nonetheless on their statute books provisions of the character that plaintiffs ask this Court to sustain, in the absence of a showing that in such States the constitutionality of the statutory provisions referred to has been upheld by judicial decisions.

This Court has recognized that investors in savings and loan associations are subscribers to, or purchasers of, stock therein. *Sharrar* v. *Wayne Savings Ass'n,* 246 Mich 225. In *Olitkowski* v. *St. Casimir's Savings & Loan Assn.,* 302 Mich 303, the plaintiff, as administratrix of the estate of her father, sought to recover from the defendant association a sum of money received by it either as a "deposit" or as an "investment" in membership certificates. Plaintiff claimed that her attorney advised her to use the defendant association as a depository for funds of the estate, and that she was not told that such use of funds was an attempt to invest the same in the stock of the association. At the time of the transaction the applicable statute did not permit fiduciaries to invest funds in their charge in such stock. In rejecting plaintiff's claim that the defendant held the fund in trust for the estate, it was said (pp 322, 323):

"Plaintiff, like every other intelligent citizen, was chargeable with knowledge of the law that money is accepted by such associations only as on account of an investment in the stock of the association; and likewise she was chargeable with knowledge of the law that at the time she was carrying on this account the funds of an estate could not be lawfully so invested."

As the Court pointed out in its opinion, the subsequent modification of the statute* governing investments by fiduciaries did not change the situation. The transaction was improper when effectuated, but whether forbidden or not the Court clearly recognized it as a purchase of stock. Such interpretation is obviously consistent with the provisions of the statute providing for the organization and regulation of savings and loan associations in this State.

In keeping also with the proposition that an investment in a savings and loan association subject to the Michigan law is a purchase of shares are the certificates issued by plaintiffs herein to investors. Such certificates, or at least the majority thereof shown by the record, refer to the investor as the owner of a specified number of fully paid shares, as having a "share account," or as the owner of an account "representing share interests." Under the statute a Michigan savings and loan association may not engage in a banking business. It may not accept deposits in the sense that such are received by banks. It may act only in accordance with the powers granted to it under valid legislative enactments. Insofar as article 10, § 13, is concerned, it is classed with other corporations, associations and companies.

That savings and loan associations organized under the Michigan statute may properly be regarded as corporations is obvious. It may be noted that

---

* See, currently, CL 1948, § 555.201, as amended (Stat Ann 1955 Cum Supp § 26.85).—REPORTER.

courts in other States having legislative enactments analogous to those of Michigan have accepted such view. In *State, ex rel. Cleary,* v. *Hopkins Street Building & Loan Association,* 217 Wis 179, 185 (257 NW 684), the court referred to the defendants in the case as follows:

"The respondents were created by the State of Wisconsin at a time when without question the State had plenary power to create and to control the powers of these corporations. They are not banks; they have not banking powers or privileges under our State laws. (Citing cases.) * * * They have only the powers emanating from the State. These powers must be used as prescribed by the State and with due consideration for the contractual rights between the stockholders and the corporation existing by reason of State law and the charter of the corporation."

In accordance with the view of the court as indicated in the language quoted, it was held that the associations were subject to a constitutional provision to the effect that all general laws or special acts adopted under the provisions of the section of the Constitution authorizing the creation of corporations might be altered or repealed by the legislature at any time. Of interest also is the decision of the Alabama supreme court in *State* v. *Guaranty Savings Building & Loan Association,* 225 Ala 481 (144 S 104, 86 ALR 819), where it was held that building and loan associations of the State were subject to a constitutional requirement that the legislature provide a franchise tax on domestic corporations in proportion to the amount of the capital stock. The court further found that the determination of the question was not affected by the fact that each shareholder had the right to withdraw his contributions at will.

In the framing and adoption of the Michigan Constitution (1908), particularly with reference to

article 10, § 13, no exception was made with reference to investments in the stock of savings and loan associations. The language used may not be interpreted as providing for their exclusion. Such organizations are clearly included under the specific terms employed. The conclusion may not be avoided that it was intended to place investments in the stock of all corporations, associations and companies in the same category insofar as purchases thereof by the State, or by any municipality or governmental agency of the State, is concerned. The fact that plaintiffs protect investors in their shares by insurance does not alter the situation insofar as the application of the constitutional provision in question is concerned. In accordance therewith school districts may not invest funds in stock of State or Federal savings and loan associations. The act of the legislature undertaking to grant such authority is, in consequence, invalid.

The decree of the trial court is affirmed. In view of the nature of the questions involved, no costs are allowed.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, and BLACK, JJ., concurred.

BOYLES, J., did not sit.