266 N.W.2d 720 (1978)
201 Neb. 122
NEBRASKA LEAGUE OF SAVINGS AND LOAN ASSOCIATIONS, Commercial Federal Savings and Loan Association, a Federal Savings and Loan Association, and Nebraska State Savings and Loan Association, a Nebraska State Savings and Loan Association, Appellants,
v.
Don J. MATHES, as the State Investment Officer of the State of Nebraska, Nebraska Investment Council, and Paul L. Douglas, as Attorney General of the State of Nebraska, Appellees.
No. 41427.
Supreme Court of Nebraska.
June 7, 1978.
William Jay Riley of Fitzgerald, Brown, Leahy, Strom, Schorr & Barmettler, Omaha, for appellants.
Paul L. Douglas, Atty. Gen., and Ralph H. Gillan, Asst. Atty. Gen., Lincoln, for appellees.
*721 William B. Brandt, of Brandt & Horan, Nebraska City, Nebraska Bankers Ass'n, Inc. amicus curiae.
Heard before SPENCER, BOSLAUGH, McCOWN, CLINTON and WHITE, JJ., and FAHRNBRUCH and VAN PELT, District Judges.
McCOWN, Justice.
This is a declaratory judgment action in which the plaintiff associations, both federal and state chartered, seek a declaratory judgment as to whether Article XI, section 1, Constitution of Nebraska, prohibits the deposit of funds by subdivisions of the State of Nebraska in savings and loan associations, except as authorized by Article XV, section 17(2), Constitution of Nebraska. The District Court for Lancaster County found that Article XI, section 1, of the Constitution of the State of Nebraska, prohibits the depositing by subdivisions of the State of Nebraska of funds in such associations, except under Article XV, section 17(2); and that Article XI, section 1, of the Constitution of Nebraska, does not violate the Constitution of the United States. Plaintiffs have appealed.
The case was tried upon a stipulation of fact and law. The plaintiff, Nebraska League of Savings and Loan Associations, represents all savings and loan associations in the State of Nebraska, both federal and state chartered. Plaintiff, Commercial Federal Savings and Loan Association, is a federally chartered savings and loan association, and the plaintiff Nebraska State Savings and Loan Association, is a state chartered building and loan association. All of such savings and loan associations operate under the authority of federal or state statutes. The federal savings and loan associations are regulated by the Federal Home Loan Bank Board, and they are empowered to raise capital in the form of savings deposits, shares, or other accounts, as are authorized by their charter or by regulations of the Federal Home Loan Bank Board. They may issue passbooks, certificates of deposit, or other evidence of savings accounts as are authorized. The state chartered building and loan associations operate under sections 8-301 to 8-355, R.R.S.1943, and supplements thereto.
The great majority of the federal associations in Nebraska are subject to provisions that deposits in such an association create a creditor-debtor relationship between the depositor and the federal association, and upon liquidation of such federal association, depositor creditors have the same priority as general creditors of the association. The remaining federal associations and the state associations do not place depositors in the same classification as general creditors. Depositors in all the associations, state or federal, however, are entitled to share in any surplus assets remaining upon liquidation.
All accounts in the federal savings and loan associations and 12 of the 17 state associations are insured by the Federal Savings and Loan Insurance Corporation. Deposits in those associations by state subdivisions would be insured to the extent of $100,000.
A deposit in a savings and loan association is not a contribution to permanent capital. The accounts are subject to withdrawal on notice as required by the various bylaws. None of the associations, state or federal, issue any stock which can be negotiated as an ordinary stock certificate, and depositors have no interests in the association which can be negotiated or assigned as an ordinary stock certificate. The depositor of an account in all the associations, both federal and state, becomes a member of the association, has the right to vote for the officers thereof, and has the right to share in the assets of the association upon liquidation.
The critical question on this appeal is whether a subdivision of the state which deposits funds in an account in a savings and loan association owns an interest in the association which is prohibited by Article XI, section 1, of the Nebraska Constitution. Article XI, section 1, of the Nebraska Constitution, provides: "No city, county, town, precinct, municipality, or other sub-division *722 of the state, shall ever become a subscriber to the capital stock, or owner of such stock, or any portion or interest therein of any railroad, or private corporation, or association." That section of the Constitution was adopted in 1875 and has remained unchanged since that date. Approximately 40 states have similar constitutional provisions. In general, such provisions were designed to prevent the use of public funds to aid in the construction of railways, canals, and similar undertakings. The intent was to keep states and political subdivisions out of private business. See Thaanum v. Bynum Irr. Dist., 72 Mont. 221, 232 P. 528.
All the savings and loan associations involved here, whether state or federal, are corporations. Although the laws of many states permit both "stock" and "mutual" savings and loan corporations, savings and loan, or building and loan, corporations in Nebraska are "mutual" rather than "stock" corporations. While there is some attempt to argue that corporations engaged in the savings and loan business are quasi-public in nature, there can be no doubt that they are all privately organized, privately managed, and privately operated. They are not instrumentalities of government, but are operated for the benefit of their members, whether borrowers or depositors. Mutuality is the basic and essential principle of a savings and loan association. See Saunders v. State Savings & Loan Assn., 121 Neb. 473, 237 N.W. 572. Savings and loan associations, both federal and state chartered, are private corporations and associations within the meaning of the constitutional provision.
A deposit in a mutual savings and loan association creates interests distinctly different than the interests created by a deposit in a bank. A depositor in a bank becomes a creditor of the bank. The right to interest on a savings account represents payment by the bank for the use of the money, and a depositor has no ownership interest of any sort in the bank, nor any legal right to control it. A deposit in a mutual savings and loan association, on the other hand, constitutes the acquisition of an ownership interest and a right to share in the control and the profits or losses on liquidation of the mutual savings and loan association.
Two states have passed upon the issues involved her with opposite results. In State ex rel. Graham v. City of Olympia, 80 Wash.2d 672, 497 P.2d 924, the Supreme Court of Washington interpreted a constitutional provision which provided that no county, city, or other municipal corporation shall "become directly or indirectly the owner of any stock in or bonds of any association, company or corporation." The Washington statutes provided for substantially similar rights to depositors in mutual associations as are provided under Nebraska statutes. The Washington court determined that the deposit of public funds by the defendant city did not constitute a purchase of stock in a private corporation in violation of the Washington Constitution. The majority opinion concluded that although a depositor in a savings and loan association acquires a proprietary interest in the association, the depositor does not make a permanent contribution to capital because the deposit is withdrawable and the interest held is not assignable. The court also relied upon the conclusion that voting and other membership privileges accompanying a deposit in a savings and loan association were purely incidental to the purpose for the transaction. The court therefore held that a shareholder of a savings and loan association was not a stockholder in the same sense as a stockholder of an ordinary corporation. The dissenting judges pointed out that under Washington statutes the deposit of funds in a savings and loan association has the same basic incidents of ownership as the ownership of capital stock in other private corporations.
The case of Michigan Savings & Loan League v. Municipal Finance Commission, 347 Mich. 311, 79 N.W.2d 590, reaches the opposite result. The constitutional provision there provided: "The State shall not subscribe to, nor be interested in the stock of any company, association or corporation." A Michigan statute specifically authorized investment in savings and loan associations *723 by school districts, which are state agencies. The Michigan court held that the constitutional provision prohibited investment in the stock of corporations, and that the intention was to place investments in the stock of all corporations, associations, and companies in the same category. The court held that school districts could not invest funds in state or federal savings and loan associations, and that the statute permitting such investment was invalid. Statutory language in Michigan similar to the Nebraska statutes referred to "depositors" as "shareholders" and to "accounts" as "share accounts." The Michigan court distinguished deposits in banks from deposits in savings and loan associations because ownership interests were inseparable from the deposit of funds in a mutual savings and loan association.
The section of the Michigan Constitution challenged in the Municipal Finance Commission case was later amended to provide an exception for funds accumulated to provide retirement or pension benefits for public officials and employees. In 1977, a three-judge federal district court refused to reinterpret the constitutional provision referred to in the Municipal Finance Commission case, and held that the constitutional provision, as amended, prohibits depositing state funds, other than the excepted pension and endowment funds, in any institution such as a savings and loan association in which the State would thereby acquire an ownership interest. That court also sustained the constitutional provision against an equal protection challenge under the United States Constitution grounded on a difference in treatment of banks and savings and loan associations. First Federal Savings & Loan Assn. of Detroit v. Michigan Municipal Finance Commission, No. 5-71249 (D.Mich., Oct. 3, 1977).
Nebraska also added a constitutional amendment in 1966 providing for investment of retirement and pension funds. Article XV, section 17, Constitution of Nebraska, provides: "Notwithstanding section 3 of Article XIII or any other provision in the Constitution:
"(1) The Legislature may provide for the investment of any state funds, including retirement or pension funds of state employees and Nebraska school employees in such manner and in such investments as it may by statute provide; and
"(2) The Legislature may authorize the investment of retirement or pension funds of cities, villages, school districts, public power districts, and other governmental or political subdivisions in such manner and in such investments as the governing body of such city, village, school district, public power district and other governmental or political subdivision may determine but subject to such limitations as the Legislature may by statute provide."
Section 77-2341, R.R.S.1943, authorizes political subdivisions of Nebraska to invest surplus funds in any securities which are authorized by law for investment of the educational funds of the state. Under sections 72-202 and 72-1246(9), R.R.S.1943, the investments authorized by section 77-2341, R.R.S.1943, include accounts in state or federal savings and loan associations in the State of Nebraska to the extent that such accounts are insured by the Federal Savings and Loan Insurance Corporation.
The District Court did not specifically decide the validity of section 77-2341, R.R. S.1943, but ruled that Article XI, section 1, of the Nebraska Constitution, prohibits the depositing by subdivisions of the State of Nebraska of funds in savings and loan associations, except funds authorized under Article XV, section 17(2) of the Constitution.
Essentially, the plaintiffs' position here is that unless a deposit of funds in a savings and loan association becomes a part of the permanent capital of the association, and is represented by a stock certificate, the depositor does not become an owner of an interest in a private corporation prohibited by Article XI, section 1. We disagree.
There could be little question that the constitutional prohibition would apply to the acquisition of any ownership interest in the capital stock of a savings and loan association if a "stock" corporation rather than a "mutual" corporation were permitted under the laws of this state. The essential distinction between the two forms of *724 corporate operation in the area involved here is that in the "stock" association, the ownership and control of the capital and assets of the association is in the stockholders, while in the "mutual" association, the ownership and control of the capital and assets of the association is in the hands of the depositors.
The historical background warrants the conclusion that the constitutional provision was directed against the acquisition by a subdivision of the state of any ownership or proprietary interest in a private corporation or association. A multitude of cases hold that the owner of an account in a mutual savings and loan association has a proprietary interest therein. See, Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564; Wisconsin Bankers Assn. v. Robertson, 190 F.Supp. 90, 111 U.S.App. D.C. 85, 294 F.2d 714, cert. den., 368 U.S. 938, 82 S.Ct. 338, 7 L.Ed.2d 338.
In Family Savings & Loan Assn. v. Steward, 232 Md. 424, 194 A.2d 118, the court said: "Every member or shareholder is entitled to the same rights and privileges, and must bear the same burdens as every other member or shareholder holding the same class of investment security. The shareholders have the same rights as stockholders in ordinary corporations for profit, except in so far as they may be enlarged or restricted by special legislation, the Statute under which the corporation is incorporated, its charter or its by-laws. * * * In other words, the members or shareholders own the association and are entitled to conduct its affairs through their officers and Board of Directors."
In historical context the language used in the constitutional provision impels the conclusion that it was intended to prohibit any state subdivision from acquiring any proprietary or ownership interest in any private corporation or association, whether that interest was represented by a stock certificate or by some other form of representation of ownership. The constitutionally prohibited acquisition of any interest applies to any interest in private associations, which ordinarily issue no capital stock, to the same extent as it does to corporations which issue capital stock. Article XI, section 1, Constitution of Nebraska, prohibits the deposit of funds by subdivisions of the State of Nebraska in mutual savings and loan associations, whether federal or state chartered, except those funds authorized under Article XV, section 17(2), Constitution of Nebraska.
The plaintiffs also contend that such an interpretation constitutes an unreasonable classification as between banks and savings and loan associations in violation of the Fourteenth Amendment to the Constitution of the United States. It is necessary only to point out that Article XI, section 1, Constitution of Nebraska, makes no distinction whatever between banks, savings and loan associations, or other private corporations. It makes no attempt to regulate savings and loan associations or banks but only regulates subdivisions of the State of Nebraska. Article XI, section 1, Constitution of Nebraska, does not violate the Constitution of the United States.
The judgment of the District Court was correct and is affirmed.
AFFIRMED.