REQUESTED BY: Dear Senator Keyes:
You have asked our opinion as to whether LB 339 violates either Article XI, section 1, or Article XIII, section3, of the Nebraska Constitution. It is our opinion that it does not.
The bill would amend section 21-1316.01, R.R.S. 1943, by adding counties to the list of political subdivisions authorized to deposit public funds in cooperative credit associations. We point out at the outset that the prohibitions of both constitutional provisions you have referred to apply to cities, towns, villages, townships, and school districts just as much as they do to counties. Yet the above itemized political subdivisions are now authorized by section21-1316.01 to make such deposits. If we were to say that there were constitutional deficiencies in LB 339, we would almost necessarily be saying that section 21-1316.01 in its present form had the same deficiencies. We do not think it does. Article XI, section 1, of the Constitution provides:
 "No city, county, town, precinct, municipality, or other sub-division of this state, shall ever become a subscriber to the capital stock, or owner of such stock, or any portion or interest therein of any railroad, or private corporation, or association."
Our Supreme Court recently held that this provision prevented a political subdivision from depositing money in a savings and loan association. The court discussed the effect of a deposit in a savings and loan association, pointing out that such a deposit gives the depositor a right to share in the control of the association and in the profits or losses upon its liquidation. The court therefore held that a deposit in such association constituted the acquisition of an ownership interest in the association, and therefore was prohibited to political subdivisions by Article XI, section 1. See Nebraska League of Savings Loan Associationsv. Mathes, 201 Neb. 122, 266 N.W.2d 720 (1978).
Ordinarily, a deposit in a cooperative credit association creates the same type of ownership interest in the depositor as the court described in Mathes, since section21-1311(8) provides that a deposit shall not be received from any person until a qualifying share has been fully paid for and issued to such person. However, section 21-1316.01
provides that the political subdivisions mentioned therein shall not be required to purchase shares in the cooperative credit association or become members thereof. This, we believe, eliminates the objections based on Article XI, section 1, which the court found decisive in Mathes.
We believe there is no problem with Article XIII, section 3, which provides that the credit of the state shall never be given or loaned in aid of any individual, association, or corporation. A deposit by a political subdivision pursuant to section 21-1316.01 is substantially indistinguishable from a deposit by the same subdivision in a bank. A cooperative credit association is required to perform all of the conditions precedent required of state and federal banks to qualify them to receive deposits of public funds.
Chapter 77, Article 23, of the Nebraska statutes has for many years authorized the state and political subdivisions to deposit funds in state and national banks. The Nebraska Supreme Court has frequently interpreted sections so providing, and has never hinted that any conflict with Article XIII, section 3, is involved. We can see no basis for drawing a distinction between a cooperative credit association and a bank in this respect, in view of the provisions of section 21-1316.01. We therefore conclude that neither LB 339 nor section 21-1316.01 as it now reads violates that constitutional provision.