REQUESTED BY: Ray A. C. Johnson, Auditor of Public Accounts, Lincoln, Nebraska.
May a treasurer of a Nebraska political subdivision invest funds of such subdivision, other than retirement or pension funds, in a state or federally chartered savings and loan association, if the treasurer executes a waiver of voting or other membership rights in the association?
No.
Article XI, section 1, of the Nebraska Constitution provides:
 "No city, county, town, precinct, municipality, or other sub-division of the state, shall ever become a subscriber to the capital stock, or owner of such stock, or any portion or interest therein of any railroad, or private corporation, or association."
Article XV, section 17, of the Constitution authorizes the Legislature to authorize the retirement or pension funds of political subdivisions to be invested in such investments as the governing body of the subdivision may determine, but subject to such limitations as the Legislature may by statute provide.
In Nebraska League of Savings Loan Associations v.Mathes, 201 Neb. 122, 266 N.W.2d 720 (198), the court held that an investment in a mutual savings and loan association, state or federal, constituted the acquisition of an ownership interest in the association, and was prohibited by Article XI, section 1, except as authorized by Article XV, section 17.
In order to avoid the effect of that cause, we are informed that some associations have passed resolutions to accept savings deposits from political subdivisions carrying no membership or voting rights. The depositor is required to sign a waiver of such rights. Your question is whether the execution of such a waiver overcomes the constitutional problem found in Nebraska League of Savings Loan Associationsv. Mathes, supra. We conclude that it does not.
A savings and loan association is, of course, a creature of statute, and has only such powers as are given by statute.
The pertinent section of the statutes with respect to federal savings and loan associations is 12 U.S.C. § 1464(b)(1), which provides in part:
 "An association may raise capital in the form of such savings deposits, shares, or other accounts, for fixed, minimum, or indefinite periods of time (all of which are referred to in this section as savings accounts and all of which shall have the same priority upon liquidation) as are authorized by its charter or by regulations of the Board, and may issue such passbooks, time certificates of deposit, or other evidence of savings accounts as are so authorized. Holders of savings accounts and obligors of an association shall, to such extent as may be provided by its charter or by regulations of the Board, be members of the association, and shall have such voting rights and such other rights as are thereby provided."
(Emphasis supplied.)
The regulation of federal savings and loan associations is committed to the Federal Home Loan Bank Board. Our attention has been called to a memorandum dated July 20, 1979, signed by an associate general counsel of the board, in which he stated that it was his opinion, concurred in by the general counsel, that a public body could waive membership and voting rights in federal associations. Some associations have passed resolutions authorizing the acceptance of deposits from political subdivisions of the state, upon waiver of membership and voting rights.
This state, of course, has no control over federal savings and loan associations, and we express no opinion as to the propriety of the acceptance of such a waiver by a federal association. We do, however, have a definite opinion about the effect of such a waiver, and the propriety of a political subdivision of this state making an investment in the association on the basis of such waiver.
We have not attempted to search the regulations of the Federal Home Loan Bank Board to determine whether there is a regulation dealing with this subject. The memorandum we have referred to implied that there was not, and that one was unnecessary. Whether there is or not such a regulation, is, in our opinion, immaterial, because we believe the portion of 12 U.S.C. § 1464 quoted above precludes a nonmembership investment in such an association.
In the first place, the statute says that the investors shall be members of the association `to such extent as may be provided by its [the association's] charter or by regulations of the Board.' We suppose that the general counsel for the board will argue that this authorizes the charter or the board to provide that the extent of membership shall be `none.' We have some doubt about that, since no provision is made for non-member investors.
However, we think the decisive provision is the requirement that the holders of all savings accounts shall have the same priority upon liquidation. In NebraskaLeague of Savings Loan Associations v. Mathes the court said, `[a] deposit in a mutual savings and loan association, on the other hand, constitutes the acquisition of an ownership interest and a right to share in the control and the profits or losses on liquidation of the mutual savings and loan association.' The court clearly indicated that a right to share in a surplus on liquidation constitutes an ownership interest. 12 U.S.C. § 1464 secures this interest to all investors, and makes no provision for waiver of such right.
In our opinion the Federal Home Loan Bank Board would have no power to authorize investments in which the accounts did not `have the same priority on liquidation.' In 2 Am.Jur.2d 21, Administrative Law, § 188, we find:
 "An administrative agency has only such powers as have been conferred upon it by law and must act within the granted authority for an authorized purpose. It may not validly act in excess of its powers, nor has it any discretion as to the recognition of or obedience to a statute. The agency must obey a law found upon the statute books until in a proper proceeding its constitutionality is judicially passed upon."
While federal regulatory agencies are, perhaps, given more leeway than those of this state, they are still governed by the statutes. In Soriano v. United States,494 F.2d 681 (9th Cir. 1974), the court said, `However, it is also true that an administrative agency is a creature of statute, having only those powers expressly granted to it by Congress or included by necessary implication from the Congressional grant.' In City of Santa Clara, California v.Andrus, 572 F.2d 660 (9th Cir. 1978), the court said that administrative actions taken in violation of statutory authorization or requirements are of no effect, and inFarrell Lines Incorporated v. United States, 499 F.2d 587
(Ct.Cl. 1974), the court said that the administrative authority must operate within the general guidelines set out in the statute.
We therefore conclude that until such time as the statute governing federal associations is changed to permit accounts to have no membership rights, investment in such associations is prohibited to political subdivisions. The waivers may be effective to waive voting rights, since there is nothing specific in the federal law about them, but we think the right to share in a surplus upon liquidation cannot now be waived. A political subdivision investing in such an association would therefore simply be a member which had waived some of its rights. It would remain a member. The Constitution forbids it to be a member, except as permitted by Article XV, Section 17.
The statutes dealing with state associations, found in Chapter 8, article 3, make no provision for investments except by `members.' There is no provision for `deposits,' in the sense that word is used in statutes dealing with banks. Section 8-306 says that the capital stock of an association shall consist of the aggregate payments made by its members
and dividends credited thereon, less withdrawals, and shall be represented by shares. We therefore conclude that no such waiver scheme will authorize investments in state associations, either.
Wholly aside from the question of whether state or federal savings and loan associations could create nonmembership instruments which were dependent upon waivers by political subdivisions is the question of the right of such subdivisions to execute such waivers. Political subdivisions of this state have only such powers as are given to them by statute. We know of no statutory authority for them to waive any rights they might otherwise have in connection with investments they make. The right to participate in any surplus of an association upon liquidation is a valuable right, as other ownership rights of an ordinary investor may be. In the absence of specific statutory authority, we believe political subdivisions would have no right to waive them.