337 N.W.2d 114 (1983)
215 Neb. 19
NEBRASKA LEAGUE OF SAVINGS AND LOAN ASSOCIATIONS, et al., Appellants,
v.
Ray A.C. JOHNSON, Auditor of Public Accounts of the State of Nebraska, et al., Appellees.
No. 82-333.
Supreme Court of Nebraska.
July 29, 1983.
*115 William A. Tinstman, Omaha, for appellants.
Paul L. Douglas, Atty. Gen., and Ralph H. Gillan, Lincoln, for appellees.
William B. Brandt of Brandt, Horan & Hallstrom, Unadilla, for amicus curiae Nebraska Bankers Ass'n, Inc.
KRIVOSHA, C.J., and BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.
SHANAHAN, Justice.
The plaintiffs, Nebraska League of Savings and Loan Associations, Commercial Federal Savings and Loan Association, and Nebraska State Savings and Loan Association, brought an action against the defendants, Ray A.C. Johnson, Auditor of Public Accounts of the State of Nebraska, Donald J. Mathes, State Investment Officer of the State of Nebraska, and Paul L. Douglas, Attorney General of the State of Nebraska, in which the plaintiffs sought a declaratory judgment that a political subdivision, after signing a waiver of membership in a mutual savings and loan association, can deposit funds in such association. The District Court dismissed the petition and we affirm that judgment.
Article XI, § 1, of the Nebraska Constitution provides: "No city, county, town, precinct, municipality, or other sub-division of the state, shall ever become a subscriber to the capital stock, or owner of such stock, or any portion or interest therein of any railroad, or private corporation, or association." As we determined in Nebraska League of S. & L. Assns. v. Mathes, 201 Neb. 122, 266 N.W.2d 720 (1978), article XI, § 1, of the Nebraska Constitution prohibits the deposit of funds by subdivisions of the State of Nebraska in mutual savings and loan associations except those funds authorized under article XV, § 17(2), regarding investment of retirement or pension funds.
After Mathes, supra, savings and loan associations in Nebraska solicited deposits from political subdivisions. Before any deposit, however, a political subdivision had to sign an "ACKNOWLEDGMENT AND WAIVER," namely: "The undersigned [depositor] desires to deposit funds with [depository savings and loan]. Depositor acknowledges that it will not, as a result of such deposit, become a member of [depository savings and loan] or obtain any voting or other membership rights, and hereby specifically waives any such rights." By using the waiver from a political subdivision, savings and loan associations believe they have avoided the prohibition contained in Mathes.
In 1980 the Attorney General of Nebraska published an opinion which in substance stated that the waiver was ineffectual and that political subdivisions of Nebraska were still prohibited from depositing funds in savings and loan associations. After the Attorney General's opinion, political subdivisions withdrew funds from savings and loan associations and declined to deposit funds in any such association.
The plaintiffs filed their petition for a declaratory judgment that political subdivisions of Nebraska could deposit funds in a savings and loan association as a result of the waiver and that deposits of a political subdivision pursuant to such waiver do not violate article XI, § 1, of the Nebraska Constitution. The plaintiffs additionally requested an injunction against the state officers (Auditor of Public Accounts, State Investment Officer, and Attorney General) *116 restraining such officers from prohibiting deposits by political subdivisions in savings and loan associations and from "informing, advising, instructing, or in any other way representing" that such deposits violated article XI, § 1, of the Nebraska Constitution. From the dismissal of the petition, the plaintiffs appeal and assign as error the trial court's holding that political subdivisions have no authority to execute the waivers; failing to rule that the waivers removed any constitutional objection to deposits by a political subdivision in a savings and loan association; and denying the declaratory judgment in favor of the plaintiffs.
The question presented in this appeal is, What is the result of the waiver executed by a political subdivision regarding any deposit in a savings and loan association?
In Mathes, supra, this court clearly set forth some of the essential rights of a member in a savings and loan association: "A deposit in a mutual savings and loan association... constitutes the acquisition of an ownership interest and a right to share in the control and the profits or losses on liquidation of the mutual savings and loan association." Id. at 125, 266 N.W.2d at 722.
In Family Savings v. Stewart, 232 Md. 424, 429, 194 A.2d 118, 121 (1963), the Supreme Court of Maryland made a similar observation that members of a savings and loan association "have the same rights as stockholders in ordinary corporations for profit .... In other words, the members or shareholders own the association and are entitled to conduct its affairs through their officers and Board of Directors."
As early as 1931 in Saunders v. State Savings & Loan Ass'n., 121 Neb. 473, 478, 237 N.W. 572, 574 (1931), the law of Nebraska was stated: "The basic and essential principle of a savings and loan association is mutuality.... Members, whether borrowers or nonborrowers, have a mutual interest in its affairs, and, sharing alike in its earnings, must share alike in its losses." As expressed in 12 C.J.S. Building & Loan Assoc. § 4 at 750 (1980): "Associations of this nature are mutual benefit organizations, as their main and indeed essential characteristic is perfect mutuality, reciprocity, and equality of all their members."
In McPherson v. Railway Ass'n, 93 Colo. 155, 159-60, 25 P.2d 388, 389 (1933), the Supreme Court of Colorado required mutuality among members: "The controlling principle of the association is mutuality among its shareholders; all must fare alike; one shareholder cannot profit at the expense of another.... `The truth is that there is implied, in the very essence of the building association scheme, an agreement between the members of every association, in the light of which all other agreements, and all rules and by-laws, must be read, and to which they must be conformed: and that is the agreement that all burdens shall be equally borne, as well as all profits equally shared,that the whole enterprise shall be conducted and the rights and obligations of the participants in it shall be adjusted upon a basis of strict mutuality, equality and fairness.'"
It is axiomatic that a savings and loan association can act only in accordance with the powers validly granted by the Legislature. See Mich. Sav. & Loan v. Finance Comm., 347 Mich. 311, 79 N.W.2d 590 (1956). As expressed in State ex rel. Cleary v. Hopkins Street B. & L. Asso., 217 Wis. 179, 185, 257 N.W. 684, 686 (1935): "The respondents were created by the state ... at a time when without question the state had plenary power to create and to control the powers of these corporations.... They have only the powers emanating from the state."
The waiver in question also must be read in conjunction with the appropriate state and federal statutes governing the existence and activities of a savings and loan association. Neb.Rev.Stat. §§ 8-301 to 8-355 (Reissue 1977) govern state savings and loan associations, while the "Thrift Institutions Restructuring Act," 12 U.S.C.A. §§ 1461 et seq. (1980), governs federal savings and loan associations. Under Nebraska statutes, members are owners of the association (§ 8-303); vote for directors of the association (§ 8-304); and are involved *117 in liquidation of the association (§§ 8-338 and 8-339; see, also, Neb.Rev.Stat. § 8-1,-110 (Reissue 1977)). The "Thrift Institutions Restructuring Act" provides in part: "All savings accounts and demand accounts shall have the same priority upon liquidation. Holders of accounts and obligors of an association shall, to such extent as may be provided by its charter or by regulations of the Board, be members of the association, and shall have such voting rights and such other rights as are thereby provided." Act of Oct. 15, 1982, Pub.L. No. 97-320, 1982 U.S.Code Cong. & Ad.News (96 Stat.) 1496.
From a reading of the foregoing statutes, state and federal, we determine that a depositor is a member of a savings and loan association. Pursuant to the waiver under examination in this appeal, a depositor does not acquire any proprietary interest in a savings and loan association, and, therefore, the depositor neither controls the association nor participates in liquidation of a savings and loan association. Also, mutuality in membership is the hallmark of a savings and loan association. The waiver used in this case results in disparity among depositorseven to the point that the interests of some depositors are adverse to the interests of the other depositors, e.g., voting and nonvoting depositors and depositors excluded from liquidation of a savings and loan association. In savings and loan associations with these waivers, to paraphrase Orwell, all interests are mutual, but some interests are more mutual than others. Such disparity among depositors destroys the mutuality essential in a savings and loan association. Nullification or waiver of mutuality creates an association with characteristics in conflict with laws governing savings and loan associations. Any agreement for nullification or waiver of membership or mutuality is beyond the powers conferred upon a savings and loan association. See, Bertche v. Loan & Inv. Ass'n of Mo., 147 Mo. 343, 48 S.W. 954 (1898); Meroney v. Loan Association, 116 N.C. 882, 21 S.E. 924 (1895). The waiver in question contravenes the laws governing and prescribing activities of a savings and loan association, and is void.
Another impediment to the waiver arises from the nature of a political subdivision of Nebraska. Political subdivisions "`are purely entities of legislative creation. They do not exist independent of some action of the legislative department of government bringing them into being. All the powers which they can possess are derived from the creator. Unlike natural persons they can exercise no power except such as has been expressly delegated to them, or such as may be inferred from some express delegated power essential to give effect to that power.'" Metropolitan Utilities Dist. v. City of Omaha, 171 Neb. 609, 614, 107 N.W.2d 397, 401 (1961). See, also, Garver v. City of Humboldt, 120 Neb. 132, 231 N.W. 699 (1930). Traditionally, Nebraska has required strict construction regarding the authority granted to a political subdivision. See Metropolitan Utilities Dist. v. City of Omaha, supra.
The plaintiffs have not presented any cogent argument that a political subdivision should be permitted to deposit funds in a savings and loan association as an exercise of an expressly or inferentially granted power. Under the circumstances, execution of the waiver proposed by the savings and loan associations is beyond the powers granted by the Legislature to political subdivisions of Nebraska.
In conclusion, the waiver in question is beyond the powers granted to a savings and loan association, and execution of the waiver is beyond the powers granted to a political subdivision. Our decision, however, relates to mutual savings and loan associations only. For these reasons the judgment of the District Court is affirmed.
AFFIRMED.