REQUESTED BY: Donald L. Knowles, Douglas County Attorney, Omaha, Nebraska
May a county treasurer deposit county funds in a state or federally chartered savings and loan association?
No, while the deposit of county funds in state or federally chartered savings and loan associations organized as stock institutions would not be prohibited by Article XI, Section1, of the Nebraska Constitution, such deposits would generally not be authorized under existing statutory provisions governing the deposit and investment of county funds. ArticleXI, Section 1, of the Nebraska Constitution, provides:
No city, county, town, precinct, municipality, or other sub-division of the state, shall ever become a subscriber to the capital stock, or owner of such stock, or any portion or interest therein of any railroad, or private corporation, or association.
In National League of Savings and Loan Associations v. Mathes, 201 Neb. 122, 266 N.W.2d 720 (1978), the Nebraska Supreme Court held that Article XI, Section 1, of the Nebraska Constitution prohibited the deposit of funds by political subdivisions of the state in mutual savings and loan associations, except those funds authorized under Article XV, Section 17(2), regarding the investment of retirement or pension funds. The court in Mathes, supra, recognizing the distinction between savings and loan associations organized as mutual associations and those organized as stock corporations, stated:
 The essential distinction between the two forms of corporate operation in the area involved here is that in the "stock" association, the ownership and control of the capital and assets of the association is in the stockholders, while in the "mutual" association, the ownership and control of the capital and assets of the association is in the hands of the depositors. Id. at 129, 266 N.W.2d at 723-24.
Subsequently, in Nebraska League of Savings and Loan Associations v. Johnson, 215 Neb. 19, 337 N.W.2d 114 (1983), the court held political subdivisions did not have the power to execute waivers of membership in mutual savings and loan associations to allow them to deposit funds in such associations, and that the waivers were void as contravening the laws governing and prescribing the activities of savings and loan associations. The court in Johnson, supra, specifically stated their decision related only to mutual savings and loan associations. Id. at 25, 337 N.W.2d at 117.
The regulation of federal savings and loan associations is committed to the Federal Home Loan Bank Board (Bank Board). The Bank Board has been provided statutory authority to regulate the conversion of federal mutual savings and loan associations to federal stock associations. Garn-St. Germain Depository Institutions Act of 1982, Pub.L. No. 97-320, § 313-314, 96 Stat 1469, 1497-99 (Codified at 12 U.S.C. § 1464(i), 1725(j) (1982)). The conversion of federal savings and loan associations from mutual to stock associations is governed by regulations promulgated by the Bank Board. 12 C.F.R. § 563b (1985).
With respect to state chartered savings and loan associations, the Nebraska statutes provide for both mutual and stock associations. Neb.Rev.Stat. § 8-301
to 8-355 (Reissue 198 and Supp. 1984), pertain to state chartered mutual savings and loan associations. In 1981, the formation of capital stock savings and loan associations was authorized under Nebraska state law. Laws 1981, L.B. 500 (Codified at Neb.Rev.Stat. § 8-356 to 8-384 (Reissue 1983)). Sections 8-378 through 8-383 deal specifically with the requirements for associations to convert from mutual to capital stock institutions.
Pursuant to federal and state law, savings and loan associations are no longer limited to organizing as mutual associations. Both federal and state chartered savings and loan associations may organize as stock institutions, and associations are allowed to convert from mutual to stock institutions under specified requirements.
As the Nebraska Supreme Court noted in Mathes, supra, the ownership and control of the assets of a mutual savings and loan association rests in the hands of its depositors. Based on the principle of mutuality inherent in the nature of such associations, the court concluded that political subdivisions which deposited funds in mutual associations acquired an ownership interest in such associations prohibited by Article XI, Section 1, of the Nebraska Constitution.201 Neb. at 130, 266 N.W.2d at 724.
In contrast, the ownership and control of the capital and assets of a stock association rests in the hands of the stockholders, not the depositors. If political subdivisions, including counties, were to deposit funds in state or federally chartered savings and loan associations organized as stock associations, they would not acquire any ownership interest in the association. Therefore, we believe the constitutional prohibition contained in Article XI, Section1, of the Nebraska Constitution would not prohibit the deposit of county funds in state or federally chartered savings and loan associations organized as stock institutions.
While we feel the deposit of county funds in stock associations of this nature would not be unconstitutional, we nevertheless are of the opinion that such deposits would generally be prohibited based on existing statutory limitations which the Legislature has placed on the deposit and investment of county funds.
Neb.Rev.Stat. § 77-2312 (Reissue 1981) provides, in pertinent part:
 The county treasurer of each and every county in the State of Nebraska shall deposit, and at all times keep on deposit for safekeeping in the state or national banks doing business in the county, and of approved and responsible standing, the amount of money in his hands collected and held by him as such county treasurer. . . . (Emphasis added).
The plain language of § 77-2312 requires the county treasurer to deposit funds only in state or national banks doing business in the county. This language clearly would not provide authority for county treasurers to elect to deposit county funds in savings and loan associations of any nature, as the statute refers solely to the depositing of such funds in banks. In addition, various other statutory provisions relating to the deposit of county funds refer only to deposits in banks. Neb.Rev.Stat. §§ 77-2313,77-2314, 77-2318, 77-2318.01, 77-2319, 77-2320, 77-2321,77-2322, 77-2323, 77-2340 (Reissue 1981).
There appears to be one statutory provision which would allow the deposit of county funds in savings and loan associations organized as stock institutions. Neb.Rev.Stat. § 77-2341 (Reissue 1981) authorizes political subdivisions, including counties, to invest surplus funds in securities which are authorized by law for investment of the educational funds of the state. Pursuant to §§ 72-202 and 72-1246, the investments authorized by § 77-2341 would include those "of the nature which individuals of prudence, discretion, and intelligence acquire or retain in dealing with the property of another." We believe the deposit of surplus funds in savings and loan associations organized as stock institutions could qualify under this standard, particularly in view of the fact that § 77-1246 formerly contained specific authorization for investments in accounts in state or federal savings and loan associations in the State of Nebraska to the extent such accounts were insured by the Federal Savings and Loan Insurance Corporation. Neb.Rev.Stat. § 72-1246(9) (Reissue 1976) (Amended 1981).
Based on the foregoing, it is our conclusion that, while the deposit of county funds in state or federally chartered savings and loan associations organized as stock institutions would not be prohibited by Article XI, Section1, of the Nebraska Constitution, such deposits would generally not be authorized under existing statutory provisions governing the deposit and investment of county funds.
Very truly yours,
ROBERT M. SPIRE Attorney General
L. Jay Bartel Assistant Attorney General