ALLAN DEE—WAYNE RESIDENTIAL CENTER v DEPARTMENT
OF SOCIAL SERVICES

1. COURTS—JURISDICTION—FEDERAL COURTS—STATE COURTS—CONCUR-
   RENT JURISDICTION—SUPPLEMENTAL SECURITY INCOME RATES.

   State courts, as a general rule, have concurrent jurisdiction with
   Federal courts over cases arising under Federal laws, and
   exclusive Federal court jurisdiction is the exception; however,
   state courts have concurrent jurisdiction only where it is not
   excluded by express provision or by incompatibility in its
   exercise arising from the nature of the particular case; there-
   fore, Michigan courts have no jurisdiction to hear cases involv-
   ing Supplemental Security Income rate disputes because con-
   current jurisdiction over such matters is excluded by express
   provision in a Federal statute (42 USC 405[g]).

2. DECLARATORY JUDGMENT—JURISDICTION—ACTUAL CONTROVERSY—
   COURT RULES.

   A circuit court may grant declaratory relief only in a case of
   actual controversy within its jurisdiction (GCR 1963, 521.1).

3. DECLARATORY JUDGMENT—DISMISSAL OF ACTION—JURISDICTION—
   REAL PARTY IN INTEREST—STANDING—FEDERAL STATUTES—
   COURT RULES.

   A circuit court's order of dismissal of an action wherein the
   plaintiffs were seeking declaratory relief was proper where (1) a
   Federal statute excluded state court jurisdiction over the mat-
   ter as raised by the individual plaintiff who was the real party
   in interest, and (2) the other plaintiff lacked standing because
   its interest was derivative of the individual plaintiff's interest
   (42 USC 405[g], GCR 1963, 201.2, 521.1).

Appeal from Wayne, Roman S. Gribbs, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts § 12.
[2] 20 Am Jur 2d, Courts § 80.
   22 Am Jur 2d, Declaratory Judgments §§ 75, 76.
[3] 22 Am Jur 2d, Declaratory Judgments §§ 75, 76, 79.

mitted June 9, 1977, at Detroit. (Docket No. 30351.) Decided December 5, 1977.

Complaint by Allan Dee—Wayne Residential Center and Jean Martin against the Michigan Department of Social Services and others seeking a declaratory judgment that a rule allegedly adopted by the Department of Social Services is invalid. Case dismissed for lack of jurisdiction. Plaintiffs appeal. Affirmed.

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Irwin M. Alterman* and *C. Leslie Banas*), for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone, Thomas R. Wheeker* and *Robert N. Rosenberg,* Assistants Attorney General, for defendants.

Before: J. H. GILLIS, P. J., and BRONSON and R. E. ROBINSON,* JJ.

R. E. ROBINSON, J. This case involves a dispute over the threatened reduction of the state portion of individual plaintiff Jean Martin's Supplemental Security Income (hereafter SSI) payments from home for the aged to independent living level of care. Plaintiffs brought this action in Wayne County Circuit Court seeking a declaratory judgment that an alleged administrative rule of the Michigan Department of Social Services (hereafter DSS) is invalid. Following hearings held on July 9 and August 18, 1976, the trial court granted defendants' motion to dismiss for lack of jurisdiction, and plaintiffs appeal.

Plaintiff Martin is a disabled person under 65

---

* Circuit judge, sitting on the Court of Appeals by assignment.

years of age who resides in Allan Dee—Wayne Residential Center, a home for the aged. She has been receiving SSI payments at the home for the aged rate, but the complaint alleges that defendants have threatened to change her certification to a lower rate. This threat was based on the alleged rule formulated by defendants that persons under age 65 living in a home for the aged may not be certified for home for the aged level of care because, as defendants view it, the Nursing Home and Home for the Aged Licensing Act, MCLA 331.651, *et seq.;* MSA 14.1281, *et seq.* (hereafter Licensing Act), requires that persons living in a home for the aged be at least 65 years old. This standard is applied only to the state-funded portion of SSI benefits.

An understanding of SSI benefits is necessary to an analysis of this case. In 1972, the Federal government decided to supplement the social security benefits to blind, aged, and disabled persons with an additional monthly benefit. 86 Stat 1465 (1972); 42 USC 1381–1383c, 87 Stat 957 (1973); 42 USC 1382c. Originally, states were given the option of supplementing the Federal supplemental benefits, 87 Stat 965 (1973); 42 USC 1382e, but state supplements were made mandatory in 1974, 88 Stat 291 (1974); 42 USC 1382(a)(1), in order for the state to continue to be reimbursed for its expenditures under the Medicaid program.

Federal statute provides for an agreement between a state and the Secretary of the Department of Health, Education and Welfare (hereafter HEW); the agreement between Michigan and the Secretary provides in part:

"The Secretary shall:
"A. Make determinations of eligibility for supplementary payments with respect to individuals residing in

the State who are or will be receiving (or would but for their income be eligible to receive) basic Federal payments, and make determinations of eligibility for mandatory minimum supplements pursuant to the terms of this agreement with respect to any individual certified by the State to the Secretary pursuant to article III.

"B. Make such supplementary payments or mandatory minimum supplements (whichever are higher) to individuals determined to be eligible to receive such payments in such amounts and at such times· as prescribed by the terms of this agreement.

"C. Establish the amount of such supplementary payments or mandatory minimum supplements in accordance with the terms of this agreement.

\* \* \*

"E. Provide individuals reasonable notice and opportunity for a hearing with respect to any adverse decisions as to the rights of such individuals to receive such supplementary payments, or mandatory minimum supplements, or both."

Thus, although an employee of the Michigan DSS may complete a referral form, the determination of level of care is made by the district office of the Social Security Administration. The information provided by the DSS is checked by the Social Security Administration, either verifying the level of care certified by the DSS or making an independent finding if the DSS's recommendation is incorrect.

After considering the arguments of the parties and the above-quoted language from the agreement between the DSS and the Secretary of HEW, the trial court concluded that it had no jurisdiction to decide the case. It also concluded that plaintiff Allan Dee's only remedy was derivative of the individual plaintiff's, and the matter was therefore dismissed for lack of jurisdiction.

With respect to plaintiff Martin, the trial court's

ruling was correct; the courts of this state have no jurisdiction to hear cases involving SSI rate disputes. Although concurrent jurisdiction is the general rule and exclusive Federal court jurisdiction the exception, state courts have concurrent jurisdiction only "where it is not excluded by express provision, or by incompatibility in its exercise arising from the nature of the particular case". *Claflin v Houseman,* 93 US 130, 136; 23 L Ed 833 (1876), quoted in *Charles Dowd Box Co, Inc v Courtney,* 368 US 502, 507; 82 S Ct 519; 7 L Ed 2d 483 (1962).

Here, concurrent jurisdiction is precluded by "express provision". 90 Stat 2700; 42 USC 1383(c) provides for hearings before the Secretary of HEW in SSI benefit disputes, and subsection (3) of that section provides:

"(3) The final determination of the Secretary after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Secretary's final determinations under section 405 of this title."

The provision for judicial review in 86 Stat 1364; 42 USC 405(g) reads:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. Such action *shall be brought in the district court of the United States* for the judicial district in which the plaintiff resides or has his principal place of business, or, if he does not reside or have his principal place of business, within any such judicial district, in the United States District Court for the District of Columbia." (Emphasis added.)

Furthermore, the agreement between the DSS and the Secretary of HEW provides that the Secretary shall determine eligibility for both the Federal supplement and the mandatory minimum state supplement; it is also the Secretary's duty to provide notice and an opportunity for a hearing on adverse determinations with respect to both the state and Federal supplements. The SSI coordinator from the DSS stated by affidavit that the DSS does not make rate determinations for either the state or Federal portion of the supplement; nor does it have any appeals process for rate disputes or the authority to notify an SSI recipient of a rate change.

Therefore, both by statute and the terms of the agreement between the state and the Secretary of HEW, SSI rate disputes are first heard by the Secretary, and a civil action contesting his ruling "shall be brought" in Federal district court. Consequently, concurrent jurisdiction is excluded by "express provision" in 86 Stat 1364; 42 USC 405(g), and the trial court was without jurisdiction to resolve the instant dispute. Thus, whether or not an actual controversy existed, *Kuhn v East Detroit*, 50 Mich App 502; 213 NW2d 599 (1973), *lv den,* 391 Mich 815 (1974), declaratory relief would have been inappropriate. A circuit court may grant such relief only "[i]n a case of actual controversy *within its jurisdiction"*, GCR 1963, 521.1. Because the dispute between plaintiff Martin and defendants was not within its jurisdiction, the trial court properly dismissed the action.

The trial court's ruling that plaintiff Allan Dee did not have standing to seek a declaratory judgment was also correct. Allan Dee's only interest here is derivative; the threatened reduction of SSI benefits will simply make it more difficult for

Allan Dee's residents who are SSI recipients under the age of 65 to pay the fees which Allan Dee charges.

This case is thus distinguishable from *Michigan Savings & Loan League v Municipal Finance Commission,* 347 Mich 311; 79 NW2d 590 (1956), in which the plaintiff challenged the defendant's ruling that school districts were not permitted to invest money from their debt retirement funds in state and Federal building and loan associations or savings and loan associations. In that case, the plaintiff had standing because it sought a ruling on its authority to retain funds invested by school districts.

Likewise, the case at bar differs from *Mayor of City of Dearborn v Dearborn Retirement Board of Trustees,* 315 Mich 18; 23 NW2d 186 (1946), where the plaintiff was held to have standing to contest, in a declaratory judgment action, a budget item passed by the city council over his veto. The mayor's standing was premised on his duty to prepare, approve and administer the annual budget as required by the city charter.

Similarly, the instant case can be distinguished from *National Bank of Detroit v Department of Revenue,* 334 Mich 132; 54 NW2d 278 (1952), where the plaintiff bank was held to have standing to contest the imposition of state sales taxes on purchases it made as a consumer. Although the sales tax was technically imposed on the retailer, it was intended to be passed on to the consumer. Since the economic burden of the tax fell on plaintiff, it had standing to seek a declaratory judgment as to whether it could assert Federal immunity and thus avoid the tax.

In the case at bar, however, Allan Dee is not seeking to litigate its rights, duties, or liabilities,

but rather those of one of its residents. It is clear that the real party in interest, GCR 1963, 201.2, is plaintiff Martin, the SSI recipient who claims that her level of support is threatened. Allan Dee's interest is derivative of plaintiff Martin's interest because her SSI benefits enable her to pay the charges Allan Dee imposes. Consequently, the trial court properly concluded that Allan Dee had no standing.

Affirmed. No costs, a public question being involved.