[Cite as *In re Guardianship of Robinson*, 2024-Ohio-942.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY


IN THE MATTER OF THE GUARDIANSHIP OF:

MORRIS ROBINSON, AN INCOMPETENT.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0065**

---

Civil Appeal from the
Court of Common Pleas, Probate Division, of Mahoning County, Ohio
Case No. 2010 GI 00152

**BEFORE:**
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment,
Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Anna M. Ciambotti,* Henderson, Covington, Messenger, Newman & Thomas Co.,
L.P.A., for Appellant.


Dated: March 13, 2024

**KLATT, J.**

**{¶1}** Appellant, Emma Warner, Guardian, appeals from the April 18, 2023 judgment of the Mahoning County Court of Common Pleas, Probate Division, overruling her objections and adopting the March 10, 2023 magistrate's decision, finding the following: Appellant, as the representative payee for the Social Security benefits of Morris Robinson, an incompetent ("the Ward"), has not been timely paying the Ward's rent nor providing the Ward with funds so he can purchase personal items; ordering the removal of Appellant as representative payee; ordering the Mahoning County Payeeship Program through Help Network of Northeast Ohio ("Help Network") to apply to become the Ward's representative payee; ordering that funds of the Ward are to be administered through Help Network; and ordering Appellant to cooperate with the process of transferring the Ward's income to Help Network.[1]

**{¶2}** On appeal, Appellant asserts the probate court abused its discretion in ordering her removal as representative payee for the Ward's Social Security benefits and ordering that Help Network apply to become the Ward's new representative payee because there was no finding of malfeasance or misappropriation on her part. Appellant also alleges that federal law preempts state law in the selection of representative payees.

**{¶3}** Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶4}** On November 29, 2010, Appellant filed an application for appointment of guardian of alleged incompetent representing that her cousin, the Ward, aged 40, is incompetent by reason of mental retardation/developmental disabilities. The Ward's parents are both deceased. The Ward received $731 per month in Social Security disability benefits at that time. A statement of expert evaluation, filed by Dr. T. Cubbison, opined that a guardianship should be established. Attached to the expert evaluation were a psychological evaluation and a psychology report.

---

[1] The Ward has lived semi-independently in an apartment with two other disabled adults and receives services through RaeArc Industries, Inc. ("RaeArc") as his service provider.

{¶5} On November 30, 2010, the probate court found the Ward indigent and appointed counsel. The court filed a notice to prospective ward of application and hearing. On December 28, 2010, the court investigator filed a report recommending that a guardianship over the Ward's person only is necessary.

{¶6} On January 12, 2011, the matter was heard before the magistrate on Appellant's application for the appointment of guardianship. The next day, the magistrate filed a decision finding the Ward incompetent by reason of mental impairment, finding a guardianship necessary, finding Appellant to be a suitable person, and approving her application. On January 18, 2011, the probate court adopted the magistrate's decision.

{¶7} On February 17, 2011, Appellant filed an oath of guardian and a fiduciary's acceptance. That same date, the probate court appointed Appellant guardian over the Ward's person for an indefinite time period.

{¶8} Because the Ward's condition will not change or improve, on March 19, 2013, the probate court ordered that in subsequent guardian's reports, the requirement to file statements of expert evaluation shall be waived. Appellant filed nine guardian's reports: March 25, 2013; April 23, 2015; March 21, 2016; March 13, 2017; February 23, 2018; February 1, 2019; March 24, 2020; January 7, 2021; and January 7, 2022.

{¶9} On November 30, 2022, Mahoning County Board of Developmental Disabilities ("MCBDD") filed a report requesting a status hearing, indicating the following:

> On November 18, 2022, MCBDD Investigative Services Unit opened a Major Unusual Incident ("MUI") investigation involving the Ward, Morris Robinson. (See attached Exhibit "A"). The reason the MUI investigation was * * * due to the receipt of a complaint from Tisa Ewing of RaeArc Industries, Inc., who is the residential provider for the Ward. According to RaeArc, the Guardian, Emma Warner, who is also the Ward's Representative Payee has not been paying the Ward's rent nor providing the Ward with funds so he can purchase personal items. The MUI investigation will involve the determination of whether the Guardian is misappropriating the Ward's funds.

As the MUI investigation is continuing the undersigned is requesting a status hearing on this matter requiring the Guardian to appear and explain why the Ward's provider is not being paid for the services it is providing. If the lack of payment continues, the Ward could be subject to a thirty (30) day notice of termination of services by the Provider.

(11/30/2022 Report to the Court Request for Status Hearing).

{¶10} Appellant's tenth guardian's report was filed on January 18, 2023, revealing no major changes, the care given to the Ward is adequate, and the guardianship should be continued.

{¶11} A hearing before the magistrate was held on January 26, 2023. Testimony was heard regarding the amount of the Ward's Social Security benefits, his monthly expenses and incidental account balance, and Appellant's delinquency in payment of those expenses to RaeArc as provider of services for the Ward.

{¶12} On March 10, 2023, the magistrate filed a decision, finding: Appellant, as the representative payee for the Ward has not been timely paying the Ward's rent nor providing the Ward with funds so he can purchase personal items; recommending that Help Network apply to become the Ward's representative payee; recommending that funds of the Ward be administered through Help Network; and recommending that Appellant cooperate with the process of transferring the Ward's income to Help Network.

{¶13} On March 24, 2023, Appellant filed objections to the magistrate's decision. On April 3, 2023, Appellant filed a motion to stay the magistrate's March 10, 2023 decision which was denied by the probate court on April 10, 2023.

{¶14} On April 18, 2023, the probate court overruled Appellant's objections and adopted the magistrate's decision.

{¶15} Appellant filed this appeal and raises two assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED THAT HELP NETWORK OF NORTHEAST OHIO BECOME THE WARD'S REPRESENTATIVE PAYEE FOR HIS SOCIAL SECURITY BENEFITS.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED THAT HELP NETWORK OF NORTHEAST OHIO APPLY FOR AND BECOME REPRESENTATIVE PAYEE OF THE WARD'S SOCIAL SECURITY BENEFITS IN CONTRAVENTION OF FEDERAL LAW WHICH GOVERNS THE SELECTION OF REPRESENTATIVE PAYEES.**

**{¶16}** In her first assignment of error, Appellant argues the probate court abused its discretion in ordering that Help Network apply to become the Ward's representative payee for his Social Security benefits because no finding of malfeasance or misappropriation on her part was determined by the court.

**{¶17}** In her second assignment of error, Appellant contends the probate court abused its discretion in ordering that Help Network apply to become the Ward's representative payee for his Social Security benefits because federal law preempts state law in the selection of such representative payees.

**{¶18}** Because Appellant's assignments of error are interrelated, as they both assert an abuse of discretion in ordering that Help Network apply to become the Ward's representative payee for his Social Security benefits, we will address them together for ease of discussion.

A guardian is deemed to be an officer of the probate court. *In re C.W.*, 7th Dist. Columbiana No. 13 CO 44, 2014-Ohio-2934, ¶ 19, citing *In re Clendenning*, 145 Ohio St. 82, 93, 60 N.E.2d 676 (1945). Ergo, the power of the probate court is superior to that of guardians appointed by the court. *Id.*; R.C. 2111.50(A)(1). With the exception of the disposition of gifts from a ward's estate, the power of the court relative to one declared a ward is to be exercised in his or her best interests. R.C. 2111.50(C)(1).

A probate court's decision regarding matters involving guardianships will not be reversed on appeal unless the probate court's decision amounts to an abuse of discretion. *In re Estate of Bednarczuk*, 80 Ohio App.3d 548, 551, 609 N.E.2d 1310 (1992). It is well-settled that probate courts have

broad discretion when appointing and removing guardians, and their decisions will not be reversed absent a showing of an abuse of that discretion. *Id.*, *In re Guardianship of Skrobut*, 7th Dist. Mahoning No. 97CA18 (Apr. 30, 1998).

*Matter of Guardianship of Keane*, 7th Dist. Carroll No. 19 CA 0934, 2020-Ohio-1105, ¶ 64-65.

{¶19} An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

We have previously recognized that "(t)he credibility of the parties and other witnesses (is) a matter for the trier of fact as there may (be) 'much evidence in the parties' demeanor and attitude that does not translate to the record well.'" *Matter of T.M.M.*, 7th Dist. No. 17 CO 0025, 2017-Ohio-9219, 102 N.E.3d 558, ¶ 42, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418-419, 674 N.E.2d 1159 (1997) (fact-finder had opportunity to view the witnesses and observe their demeanor, gestures and voice inflections and to use these observations in weighing credibility).

*Matter of Guardianship of Keane*, *supra,* at ¶ 67.

{¶20} R.C. 2111.13, "Duties of guardian of person," states in part:

(A) When a guardian is appointed to have the custody and maintenance of a ward, * * * the guardian's duties are as follows:

(1) To protect and control the person of the ward;

(2) To provide suitable maintenance for the ward when necessary, which shall be paid out of the estate of such ward upon the order of the guardian of the person;

* * *

Case No. 23 MA 0065

(4) To obey all the orders and judgments of the probate court touching the guardianship.

R.C. 2111.13(A)(1)-(2) and (4).

{¶21} The resolution of whether Appellant was misappropriating the Ward's funds centered on the believability of the testimony at the hearing held on January 26, 2023 before the magistrate. *See, e.g., Matter of Guardianship of Keane*, *supra,* at ¶ 67.

{¶22} Counsel for MCBDD testified to the following: the request for the status hearing was based on information received from RaeArc that Appellant was delinquent in paying for the residential services being provided to the Ward by RaeArc; there was a delinquency of about seven months of unpaid residential services since the attorney for MCBDD filed the report; as of the date of the hearing, there was a delinquency of one month; the Ward's spending account typically has a running balance of $150 which Appellant has allowed it to deplete to a zero balance without replenishing it; in October 2020, Appellant was delinquent on the account for several months but the matter resolved itself without court involvement; and Appellant has been difficult to contact and obtain her presence for individual service plan meetings regarding the Ward and his care.

{¶23} Appellant testified to the following: the Ward currently receives $991 per month in Social Security benefits; monthly rent to RaeArc averages $550; utilities and other incidentals average $300; she conceded she is guilty of not paying the Ward's rent and bills that came due from RaeArc on time; she alleged that writing checks is difficult for her due to her busy work schedule; she paid the rent invoices via money orders causing her to not know the checks had not been cashed by RaeArc; and said that she communicates with RaeArc via text messaging.

{¶24} Tisa Ewing and Shannon Arcade, both with RaeArc, testified to the following: the Ward's rent is $250; it takes Appellant weeks to respond to their messages; and they did not believe the Ward was properly being taken care of by Appellant.

{¶25} Appellant claims the probate court made no determination that she committed malfeasance or misappropriation of the Ward's funds. However, in its April 18, 2023 judgment, the court specifically found the following:

The Court finds that the Guardian argues that the Magistrate erred in his decision by failing to find that the status of the *Representative Payeeship* lies with the *Social Security Administration* which appoints and may remove a Representative Payee if there is misappropriation of funds. The Court finds that on November 29, 2010 a Guardianship of the person only was issue[d]; however, the Court still retains jurisdiction over the Ward, the Ward's estate, and as Superior Guardian pursuant to R.C. 2111.50 has to be sure that the Ward's best interest is cared for. During the course of the hearing, evidence was presented where the Court found that the Guardian was not acting in the best interest of the Ward. Specifically, there was uncontested testimony provided to the Court that: (1.) the Guardian at one point in time was delinquent for approximately seven (7) months of unpaid residential services for the Ward and that the Guardian was receiving the Ward's *Social Security* income; and (2.) the Guardian allowed the Ward's spending account to deplete to a zero (0) balance without replenishing it. Based upon those two (2) factors, the Court found that the Guardian was not acting in the best interest of the Ward. Therefore, as Superior Guardian, the Court found that it was necessary to institute a Guardian of the Estate and Ordered *Help Network of Northeast Ohio* to apply to become the Ward's Representative Payee and to place the funds in the *Mahoning County Payeeship Program* so that the Ward's residential provider is paid timely and the Ward has access to funds for his spending account when needed.

* * *

The Court found that it was unnecessary to precisely reflect or account for specific dates and amounts for which the Guardian failed to timely pay *RaeArc Industries Inc.* based upon the fact that the Guardian during her testimony admitted to the Court that she was guilty of not paying the invoices timely. The testimony provided by the Guardian showed that April, May and June of 2022 remained unpaid until the Guardian paid with a check

Case No. 23 MA 0065

dated December 22, 2022 thereby making payment seven (7) months delinquent.

* * *

Uncontroverted testimony as well as admission by the Guardian herself showed that the Guardian failed to pay the Ward's residential service provider on a timely basis and allowed his spending account to deplete to zero (0) without replenishment in a reasonable time period.

* * *

The Guardian through her own testimony admitted to paying multiple months of invoices on one money order. The Court finds that the Guardian voluntarily chose to use money orders instead of a check which would have resulted in quicker and timelier payments. Whether or not an invoice reflected a past due amount was irrelevant based upon testimony and the fact that the Ward's rent was not being paid in a timely fashion which the Guardian knew was due monthly.

(Emphasis sic.) (4/18/2023 Judgment Entry, p. 2-4).

{¶26} Thus, the probate court addressed misappropriation and determined that Appellant mismanaged the Ward's funds by not timely paying the Ward's rent nor providing him with money so that he may purchase personal items. The record supports the court's finding. As a result, the court did not abuse its discretion in ordering that Help Network apply to become the Ward's representative payee for his Social Security benefits.

{¶27} Appellant claims federal law preempts state law in the selection of representative payees for Social Security benefits. Specifically, Appellant refers to Section 1383, Title 42, U.S. Code, which governs the procedure for the payment of benefits and imposes liability on a representative payee for the misuse of funds.

{¶28} Several courts have rejected arguments similar to those made by Appellant herein. *See State v. Wallace*, 160 Ohio App.3d 528, 2005-Ohio-1746, ¶ 15, 17, 20

Case No. 23 MA 0065

(regarding a representative payee for Social Security benefits and the misuse of funds, state law was not preempted by federal law); *Id.* at ¶ 17. In *Faith v. Caldwell* (Tenn.App.1996), 944 S.W.2d 607, the court found that the state court had jurisdiction in an action for misappropriation of Social Security benefits. The court recognized that the Social Security Act provides that 'a court of competent jurisdiction' may determine that a representative payee has misused an individual's benefit and that the federal statutes and regulations contain no language indicating an intent to preempt state court jurisdiction. *Id.* at 610–611; *see also, Catlett v. Miller* (1988), 55 Ohio App.3d 1, 561 N.E.2d 948 (finding state court jurisdiction over action alleging misappropriation of Social Security benefits).

**{¶29}** Accordingly, the probate court did not abuse its discretion in determining that Appellant mismanaged the Ward's funds and ordering that Help Network apply to become the Ward's representative payee for his Social Security benefits as federal law does not preempt state law in this instance.

**{¶30}** Appellant's first and second assignments of error are without merit.

## CONCLUSION

**{¶31}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The April 18, 2023 judgment of the Mahoning County Court of Common Pleas, Probate Division, overruling Appellant's objections and adopting the March 10, 2023 magistrate's decision is affirmed.

Waite, J., concurs.

Robb, P.J., concurs.

Case No. 23 MA 0065

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas, Probate Division, of Mahoning County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**